PENDLETON, President.
Delivered the resolution of the Court as follows:
The first question that occurs is, whether the act of Assembly authorises this Court, upon this summary proceeding, to enter into a contest about the title of the parties? or, whether the words of the act, owning lands on one or both sides of the run, are not satisfied by the petitioners being in possession as visible owners? leaving any person claiming title to pursue the legal remedy for asserting it, since it could not be prejudiced by the proceeding.
It is probable that the latter was the intention of the Legislature, or they would have provided some mode for conducting the trial; and not have left an enquiry, which might prove very important, to have been decided by the Court, without the necessity of a jury, contrary to the spirit of our judiciary system; and, by which, in a suit about an acre in this summary method, the title to a large tract might be involved.
*288 The ownership, therefore, is rather supposed, and aceordingly the subsequent enquiries are directed to other objects. Probably if an enquiry into the title be proper, it is a case omitted and ought to be supplied by the Legislature. Our, present impressions are, that this mode is improper under the act, without consent of the parties; but, we give no opinion, because, in this case, as in Home v. Richards, the enquiry seems to have proceeded from consent of parties; for, although no consent is stated, there is no compulsory order to introduce it.
The directing of an issue by jury in the District Court we do not consider as error: For; although we still approve of the decision in Home v. Richards, that the Court were not obliged to direct such issue, yet they might at their discretion adopt this ordinary constitutional mode for their better information; since the case upon the merits was 1 eft open for their discussion. This power is justly assimilated to that of the Chancellor, in directing issues to sa-. tisfy his conscience. In neither, is the verdict conclusive.
Upon the merits we have very little doubt; the supposed conflict between the titles derived to old Boughan from Holt’s patent, and that of the appellant under Boughan’s own patent, seems to have no influence, since Boughan in 1705, when he purchased from Holt, appears to have been conscious that his title did not extend beyond the Walnut at H. or red A, and, therefore, in the same year, he purchased of Harper, claiming under the other patent, the five acres: the location of which is the dispute at present, and which, upon the whole proceedings, there is little difficulty in deciding. The appellant’s location O, P, Q, R, the Surveyor states to be a mere protraction without paper or evidence to support it; and the appellee’s location red A', JB, C and D, appears to agree with the natural descriptions, as testified by the witnesses.
Upon the merits, therefore, the judgment of the District Court is affirmed.