Green, J.
delivered the opinion of the court. The only question upon the merits, is, Whether it was competent to the court, in this collateral way, to decide upon the question of title between the parties, and, in consequence of deciding that the land in question belonged to the applicant, to give him leave to build the mill without paying the damages assessed by the jury ?
This, I think, is decided clearly by the terms of the statute (2 Rev. Code, c. 235), which provides, that when one owning the lands on both sides of a stream, wishes to build a mill, he shall, without any previous notice to the owners of the land above or below, apply for a writ of ad quod damnum; upon the execution of which the jury shall be charged, amongst other things, to examine the lands above and below of the property of others, which may be probably overflowed, and say to what damage it will be to the several proprietors ; and that, upon the return of such inquest, the proprietors or tenants of the lands so found liable to damage, shall be summoned, &c. And thereupon the court, if cer *4 tain specified consequences will not follow the erection of the dam, shall consider, whether, all circumstances weighed, it be reasonable, that the leave to build the mill should be given or not, and shall give or not give it accordingly; and if given, shall lay the party.applying under such conditions for preventing the obstruction of fish of passage, and ordinary navigation, or for preventing any impediment to the convenient crossing of the water course, as to them shall seem right. And, thereupon, the applicant, upon paying to the several parties entitled, the damages which the jurors find will be done by the overflowing of the lands above or below, shall be authorised to proceed to erect such mill and dam.
From this summary of the provisions of the statute, it appears, that, in cases in which leave is given to build a mill, the court is only authorised to impose conditions to preserve the passage of fish and ordinary navigation, and to prevent obstructions to the passage of the stream; and here its discretion ends. It has no power to vary, by enlarging or abating, the amount of the damages assessed by the jurors, nor to determine whether they are to be paid or not, nor to whom they are payable. The statute, notwithstanding the leave given by the court, imposes upon the applicant, the duty of paying, to the persons entitled, the damages so assessed, as a condition upon which such leave is to be effectual for protecting him against the action of the person actually injured. Coleman v. Moody, 4 Hen. & Munf. 1.
If the court had given leave to build the mill, omitting to say any tiling as to the damages, the applicant would have had his election to pay them, and thus avoid any question as to his right to erect the dam, or to build it without paying them, in which case, if sued by the appellants, he might have defended himself effectually, by shewing that they were not entitled to the damages assessed, because the freehold was in him. And thus the question of title would have been fairly tried, in a regular way, without any embarrassment. But the court having pronounced a judgment affirm *5 ing die title to be in the applicant, and therefore authorising him to build the dam without paying any damages, this judgment might be relied on by him, as a defence to an action by the other parties, either as establishing his right to the land, or as entitling him to build the dam without paying the damages. Whether he or the other parties were entitled, and whether this defence would or would not be available (and I incline to think it would not), it was improper in the court to give this judgment upon a point not within the scope of their authority, and thus to interpose an obstacle to the assertion of the appellant’s rights against the appellee, in an action for the nuisance done to the lands in their possession, and to which they claim title.
Upon this ground, I think, that the judgments both of the circuit and county courts should be reversed. And if there were nothing more in the case, this court now giving such judgment as the circuit court ought to have given, would give judgment that the appellee should have leave to build this mill, with a dam nineteen feet high, leaving him to pay the assessed damages or not, as he shall be advised. But we have not the evidence upon the merits, which the appellants alleged they had in their power, and which they were prevented from offering to the circuit court, in consequence of the refusal to continue the cause: in which, f think, the circuit court erred, the affidavit being sufficient to entitle the appellants to a continuance.
Both orders should therefore be reversed, and the cause remanded to the circuit court, to be there heard upon such evidence as the parties may adduce, and to be disposed of as may thereupon appear proper.