Allen, J.
It is contended that though the notice to mrs. Pitzer might have been insufficient, yet as Robert Pitzer has appeared and„contested the application on the merits, the objection taken by him to the insufficiency of the notice cannot avail him. The case cited in support of this proposition does not sustain it. In *251 Bernard v. Brewer, 2 Wash. 76. the court decided that notice to the proprietor should appear in the record, and reversed the judgment for that cause. The judges in delivering their opinions say, that if they could be satisfied from the record that the party appeared and contested the motion on the merits of the case, he could not afterwards avail himself of the want of notice in the first instance, to defeat the order; because a defence made on the merits would have amounted to a waiver of the objection. The reason assigned shews that the objection here would have been well taken, if no sufficient notice had been given. The objection was made at the first appearance of the party, and it was not until it had been overruled, that he contested the case on the merits. He cannot be said to have waived an objection which he made at the earliest opportunity, by contesting the case on the merits the court had overruled the objection. us to the main question, was the notica^nljircient ? Mrs. Pitzer was the tenant in possession^’theDl^\! tation, of which the acre sought to be cond< J^jifecr a part, and had continued in possession fronJthe of her husband. She was a tenant of the w^oTe under the law, though her tenancy could have beePte™ minated at any time by the assignment of dower. The law requires ten days previous notice to be given to the proprietor of the land, if he be found in the county, and if not, then to his agent therein, if any he hath. The term proprietor, as used here to designate the party to be notified, as well as the term oumer, where the law speaks of the applicant, are somewhat indefinite as to the precise extent of the interest held in the land. In regard to the latter phrase, though the question was not expressly decided, the court in the case of Wood v. Boughan, 1 Call 329. strongly intimate, that the act does not authorize a contest in this summary proceeding about the title of the parties, and *252 that the words “ owning lands on one or both sides” are satisfied by the petitioner’s being in possession as visible owner. In Coleman v. Moody, 4 Hen. & Munf. 1. the inquisition having found that lands of Thomas Rowlett deceased would be overflowed, a summons issued to Coleman as executor and trustee of Thomas Rowlett deceased. It was objected, that the law required the summons to issue against the proprietor or tenant, and that Coleman did not appear to be such. However, as he had appeared and contested the application on the merits, the court considered it too late to raise the objection that he was not legally summoned. In Anthony &c. v. Lawhorne, 1 Leigh 1. the inquest found that lands in the possession of A. would be overflowed, and assessed the damages. The court gave leave to erect the dam without the payment of the damages ; it appearing that the lands belonged not to A. but to the applicant. This judgment was reversed, because the right to the lands could not be thus collaterally tried. Judge Green, in delivering the opinion of the court, says, that where leave to erect a mill is given, the court is only authorized to impose conditions for preserving the passage of fish &c. and has no power to determine whether the damages are to be paid or not, orto whom they are payable. The statute, notwithstanding the leave given, imposes upon the applicant the duty of paying to the persons entitled the damages so assessed, as a condition upon which such leave is to be effectual for protecting him against the action of the person actually injured.
These are all the authorities having any bearing upon the question under consideration; and none of them expressly decides what extent of interest in the land will satisfy the requisitions of the law. On looking at the first, second and third sections, it seems to me that it was the intention of the legislature to designate the tenant in possession as the proper party to be *253 notified in all cases. The 1st section requires notice to the proprietor of the land proposed for the abutment, When the inquest is taken, and it is found th'at lands above or below, of the property of others, will be injured, the jury are required to say what damage it will be of to the several proprietors; and on the return of the inquest, summonses are to be issued to the several persons, proprietors or tenants of the lands so located, or found liable to damage. The word tenants here applies as well to the land located and condemned, as to the land found liable to damage; and the use of it in this connexion shews that the terms proprietors and tenants were intended to designate the same interest,—a possession as visible owner or tenant. The 6th section provides, that upon paying'respectively to the several parties entitled the value of the acre located and the damages, the applicant shall become seized in fee simple of the acre of land, &c. And it is argued that this provision shews the necessity of construing the term proprietor to mean the fee simple owner; otherwise his estate might be divested by a proceeding to which he is no party. This, it seems to me, is the necessary consequence of the construction which I give to the statute. And no such injustice is done as has been supposed. No man’s property should be taken without just compensation. The law provides the mode by which that compensation is to be ascertained, leaving it to the applicant to pay to the party entitled, at his peril. Unless this were so, land for public improvements, or other necessary public purposes, could not be condemned where the owner was unknown; and thus enterprises of great utility might be arrested for this cause. This law itself merely requires notice to the proprietor or his agent, when found in the county: but the land of any person may be condemned, no matter whether he be found within the county or not; and when it is so condemned, and the money is paid to the *254 party entitled, the applicant becomes seized in fee simpie. This proves, that in the contemplation of the legislature it was not essential that the true owner should be a party to the proceeding by which he is divested of the fee for purposes of this character: that where notice can readily be given, it should be done: but whether it be given or not, a just compensation should be secured to him.
I think, therefore, that notice to the tenant in possession, appearing as the visible owner, was sufficient; and that the court was right in overruling the motion to dismiss the proceeding.
For the same reasons, I think the court was correct in refusing to hear parol evidence of a dedication to the public, by a former owner, of the ground in possession of the applicant. It appeared that the applicant was in the actual possession and occupation of the property; and this is sufficient.
The other objections taken in the court below have not been pressed in the argument, and may be disposed of by remarking that it was supererogatory to introduce the order of the James river company. The order giving leave to erect the dam must be taken as subordinate to the rights of the company under their charter and the general law. On the merits, the court was clearly right in granting the leave to erect the dam.
The judgment should be affirmed.
The other judges concurred in the judgment of affirmance.