McDONALD vs. SMITH.

Where a person swaps personal property, receiving in exchange therefor other property, known by the party with whom the trade is made to have been stolen, he may, on such property being taken from him by the rightful owner, rescind the bargain and maintain replevin for his own property.

Where the refusal of the circuit court to continue a cause on account of the absence of a material witness, operates as a denial of justice, its discretion is not exercised reasonably, and is subject to correction in this court.

*Appeal from Columbia Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

CARLETON for the appellant.

The testimony of the absent witness was legal and competent—the defendant having procured the property in suit by fraud in the trade. 4 *Paige* 537; *Root vs. French,* 13 *Wend.* 570.

The overruling the appellant's motion for a continuance not being a reasonable exercise of the discretion of this court, it is subject to revision and correction on appeal. *Hensley et al. vs. Tucker,* 5 *Eng.* 528.

Mr. Justice FAIRCHILD delivered the opinion of the court.

At the spring term, 1858, of the Columbia circuit court, the issues were made up in this case, it being an action of replevin for a mule, when the plaintiff filed an application for continuance, for the absence of a material witness. By that witness the plaintiff stated that he expected to prove that he had swapped the mule sued for, to the defendant, for a mare; that before this suit was begun, the mare had been proven and

taken away from the plaintiff, as stolen property, and that he could prove such circumstances, as would tend to show that the defendant knew the mare to be stolen property when the trade was made; that upon the mare being proven from the plaintiff, he offered to return to the defendant the money given by him in addition to the mare for the mule, and demanded a recision of the bargain, which the defendant refused.

In all formal requisites, the affidavit complied with the statute. The court refused to grant a continuance, on the ground that the testimony was inadmissible. The plaintiff excepted to the ruling of the court, and refused to proceed in the trial of the cause. The court, at the instance of the defendant, ordered a jury to try the issues of the case, and there were verdict and judgment for the defendant—the plaintiff appealed, and the ground of appeal is, that the circuit court should not have over-ruled his application for a continuance.

The court was wrong in its view of the testimony expected to be proven by the absent witness. It would have entitled the plaintiff to judgment, and when the plaintiff could not prove the facts by any other witness, and had been diligent to procure his attendance, to refuse the continuance was a denial of justice to the plaintiff.

The discretion of the court was not exercised reasonably, and is subject to correction here. *Hensley vs. Tucker*, 5 *Eng.* 528. The judgment is reversed.