# Wheeling.

## WILSON vs. KOCHNLEIN.

### July Term, 1865.

1. The discretion of the court in granting or refusing a continuance, whilst it is a legal discretion, is to be exercised more rigidly after long delays, or several continuances granted a party, than on the first application.

2. On a motion for a continuance it is necessary for the affidavit to state, not only the materiality of the witness, on account of whose absence, or the absence of his testimony, a continuance is sought, but that the party can not safely go to trial by reason of that absence.

3. A case in which a motion for a continuance was properly refused, in consequence of the negligence of the defendant in preparing for trial.

This was an action of trespass brought by the defendant in error, *John M. Kochnlein*, in the circuit court of *Ohio* county, against the plaintiff in error, *Andrew Wilson*, for an assault and battery, at the January rules, 1862. There were five continuances in the case, before the trial, which took place at the May term, 1864. Three of the continuances were had on the motion of the defendant below, *Wilson*, one generally, and no order appeared in the case, May term, 1863. When the case was called for trial at the May term, 1864, the defendant moved for a continuance on the ground of the absence of a witness, one *Edward Sheehan*. On being sworn he stated he had conversed with the witness and believed him to be material to his defence; that when he last saw him, five or six weeks previously, the witness informed him that he was then going to *St. Joseph* in *Missouri* for a permanent residence there, but that he expected to return to *Wheeling*, *Ohio* county, for his family, where they then resided; that he spoke to the witness about taking his deposition in this case, and it was understood his deposition would be taken when he returned for his family, and that

he thought the last time he saw the witness in *Wheeling* was about the time or shortly after the case was continued at the preceding term of the court.

The plaintiff resisted the motion for a continuance, and introduced one *John Donlon* who proved that he was well acquainted with *Sheehan*, and knew that he had been in *Missouri* ever since the preceding summer or fall, and only made occasional visits to *Wheeling* lasting a few days or a week, and that the last time he saw *Sheehan* in *Wheeling* was in January, 1864. He also introduced one *William H. Russell*, who proved that his brother-in-law, *Robert Woods*, was a partner in business with *Sheehan* in *St. Joseph;* that *Sheehan* left *Wheeling* in the fall of 1863, and had been doing business with *Woods* ever since in *St. Joseph;* that the last time he saw *Sheehan* in *Wheeling* was in January, 1864, and that he had not been there since that time, and that *Woods* came to *Wheeling* in February, 1864, and made preparations for the removal of the family of *Sheehan* to *St. Joseph,* which took place about the first of April following.

The plaintiff also proved by defendant *Wilson*, on a re-examination, that nothing was said in his conversation with the witness about the time when the suit would be tried, and that he did not know of *Sheehan* having been at *Wheeling* more than once during the year 1864.

Plaintiff also produced the defendant's subpœna for witnesses to the term, which was dated April 20th, and included *Sheehan* among other witnesses, which was returned "not found" as to *Sheehan*. A similar return was on the subpœnas for the two terms preceding. The court overruled the motion for a continuance and the defendant excepted.

The jury returned a verdict for one thousand five hundred dollars damages.

The defendant obtained a supersedeas from this court, alleging in his petition that the defendant had shown reasonable and proper diligence in obtaining the testimony of witnesses; that the testimony of the witness was conceded to be material; and that the motion was made in good faith and not for the mere purpose of delay.

*James S. Wheat* for the plaintiff in error.

He argued that the court ought to exercise a sound and legal discretion in motions for continuance, and cited the following authorities in support of the position: 4 H. & M. 157, 159, 180; 3 Munf., 547; 6 Munf., 390; 1 Leigh, 1; 12 Leigh, 474; 1 Rob., 591.

He further argued that the nature and circumstances of each case should be matter for the consideration of court in determining upon the motion, and that the state of the country and the distance of the residence of the witness from the place of trial and the character of the action, which rendered the personal attendance of the witness a matter of great importance, in the present case, rendered it one in which the interposition of the court was necessary to prevent injustice.

*A. B. Caldwell* for the defendant in error.

The *only question* for the consideration of this court, is, was the defendant entitled to a continuance, *on the ground* set forth in his bill of exceptions? *Ross* vs. *Norwell* 3, Munf. 170.

It is conceded to be the *general rule* as established by the decisions in this State, that a party is entitled to a continuance at his costs, if his witness fail to appear at the trial, and such party show that a subpœna has been returned executed, or that a subpœna was delivered to the proper officer of the county in which the witness resides, a reasonable time before the commencement of the term, and shall swear that the witness is material, and that he cannot go safely to trial, without his testimony.

But, to above general rule, there is one exception, *repeatedly recognized*, by our court of appeals, that, even though an absent witness be duly subpœned, and his materiality sworn to, yet if there is ground to believe, that the party is influenced by a desire to delay the trial, and considerable delay has already taken place, the court may refuse any further continuance. *Milstead* vs. *Redman*, 3 Munf. 219. There, *Redman* sued *Milstead*, for breach of a promise to

marry.    The defendant obtained a continuance at November term, 1805; at March term, 1806, there was a verdict for plaintiff and a new trial granted; at May term, 1806, the cause was continued for defendant; and at August term following, he again moved for a continuance, because of the absence of *two* material witnesses, who had acknowledged service of the subpœna, and the husband of one of whom stated she was too ill to attend court.    The motion to continue was overruled, and this judgment was affirmed by the court of appeals.

The case of *Milstead* against *Redman*, was a much stronger one, for a continuance, than the cause now under consideration.    In that case, there had been but *two* continuances granted to the defendant, while in this case, there had been three successive continuances, at the cost of the defendant.    In that case, *two* material witnesses, who had acknowledged service of the subpœna, and one of whom, was proven to be too ill to attend court, were both absent; whereas in this case, but one witness (*Sheehan*) was absent, and he not served with a subpœna, and not a citizen of the State, when the subpœna issued, or at the time of the trial.

See also, in support of above exception, the case of *Brooks* vs. *Calloway*, 12 Leigh, 474, in which judge *Allen* in delivering the opinion of the court, cites approvingly, the above case of *Milstead* vs. *Redman*.    In said case of *Brooks* vs. *Calloway* there had been, as in this case, *three* previous continuances, at the cost of the defendant, when the fourth application for a continuance was overruled, and the court of appeals held, that he was properly ruled into trial.    See also, the opinion of judge *Daniel* in *Spangler* vs. *Davy*, 15 Gratt. 384–5, in which he says, " when we take into consideration the *further fact*, that the plaintiff in error has *already* been indulged with *two continuances of the cause*, the fair conclusion is, that if he has lost the benefit of any important fact, on the trial of his case, such loss is due, not to any injustice or harshness in the ruling of the court, but to his *own culpable negligence.*"

Thus far, we have treated this case, as if the witness,

*Edward Sheehan*, had been duly summoned to the May term, 1864, whereas the fact is, as the bill of exceptions abundantly proves, that said *Sheehan* had permanently removed from this State to *St. Joseph, Missouri*, in January, 1864, and all his family had followed him there some three weeks before said summons was issued.

As to what constitutes *good cause* for a continuance, in cases not falling within above general rule, the question of granting or refusing a continuance, is one that addresses itself to the *sound discretion* of the court. This is as far as the superintending power of the appellate court has ever gone. See the case of *Hook* vs. *Nanny* and others, 4 Hen. & Munf. 157, and the opinion of judge *Allen* in *Brooks* vs. *Calloway*, 12 Leigh, 474, reviewing the earlier decisions and refusing to carry the rule any further than to require the lower court to exercise a *sound discretion*. See also the opinion of judge *Cabell*, in *Harris* vs. *Harris*, 2 Leigh, 587, where he says "that the judge of the court below, having *better opportunities* to judge of the *motives* of a party applying for a continuance, than the appellate court can have, therefore, a considerable *latitude* should be given to *him* on this subject." How is this *sound discretion*, by the court below, to be exercised? Surely it is not asking too much of a party applying for a continuance, to require him to show that he has *endeavored* to be *ready*, and has been guilty of *no laches;* that he has used due diligence, and been prevented by *circumstances not within his control*.

And it is respectfully submitted, that the appellate court ought not, in view of the *superior opportunities* enjoyed by the lower court of judging of the *motives* of the applicant for a continuance, to reverse the judgment, unless it *plainly appears*, from the bill of exceptions, that *injustice* has been done. See, in this connection, the remarks of judge *Allen* in the above cited case of *Brooks* vs. *Calloway*, that "the court below sees the party, hears his statement, and has had an opportunity of forming a correct opinion of his *motives*. The party who applies, is a witness in his own behalf; the application being addressed to the court, it must decide on

the *credit* to be given to his statement." At the *first, second* and *third* terms, after the institution of this suit, the case was continued at the *instance* and *costs* of the defendant. At the *fourth* and *fifth* terms, the case was continued on account of the absence of witnesses for both parties.

At the *sixth* term, to-wit, the May term, 1864, the defendant made his fourth application for a continuance, because of the absence of the witness, *Edward Sheehan.* The circumstances under which this application was made, as disclosed by the bill of exceptions, show that the defendant was guilty of the *grossest* and *most palpable negligence,* nay, of contrivance to delay the trial unfairly.

It is respectfully submitted that the history of this case is of itself, a complete vindication of the judgment of the lower court, overruling the motion. This was his *fourth* application for a continuance, and according to his own showing, there was not only the grossest laches, but a manifest desire to delay the trial. Never was an affidavit more vague, and unsatisfactory.

No time was fixed for the taking of the deposition of *Sheehan.* · *Wilson* did not even inform *Sheehan,* when the next court would be held, nor secure his promise to return before court, nor ascertain from *Sheehan* when he expected to return for his family.

The defendant does not swear that he cannot safely go to trial, without the testimony of *Sheehan,* but only, that he is material, which would be equally true, even if the facts he is expected to prove,· could be established by a dozen other witnesses. Nor does the affidavit disclose what *Wilson* expected to prove by *Sheehan,* as should be done in all cases where the absent witness has not been summoned, in order that the court, in the exercise of its sound discretion may judge of its materiality. It is confidently insisted, that no good ground exists, for reversing the judgment of the lower court, overruling the motion for a continuance.

BROWN, J., delivered the opinion of the court.
This is a supersedeas to the judgment of the circuit court

of *Ohio* county, rendered upon a verdict for one thousand five hundred dollars damages for an assault and battery.

*Andrew Wilson* the plaintiff in error was defendant in the court below, and *John M. Kochnlein* the defendant in error, was the plaintiff in the court below.

At the May term, 1862, there was a plea of not guilty and issue, and the cause continued by consent, but at the defendant's cost.

At the October term, 1862, continued on motion at the, defendant's cost. The record shows no entry at the May term, 1863, if any court was holden at that time.

At the October term, 1863, continued on the motion of defendant and at his cost.

At the December term, 1863, continued generally.

At the March term, 1864, continued on motion.

At the May term, 1864, May 10th, trial was had and verdict and judgment.

Before the jury was sworn the defendant, Wilson, moved the court for a continuance till the next term, on account of the absence of a witness for whom a subpœna had issued to that term.

Upon this motion the defendant was sworn and stated the materiality of said witness, but no where that he could not prove the same facts by others, nor that he could not safely go to trial without that witness. It further appeared that the defendant Wilson saw the witness in Wheeling in January preceding the trial, who informed him that he was then going to St. Joseph, in Missouri, for permanent residence, but expected to return to Wheeling for his family where they then resided. He then spoke to witness about taking his deposition in this cause, and it was understood between them his deposition would be taken when he returned for his family. The witness, Sheehan, was proved on the part of the plaintiff, to have been in Missouri since the fall preceding, and engaged in business there as a partner of one Robert Woods, and only occasionally visited Wheeling.

The plaintiff produced the defendant's subpœnas for the witness, Sheehan, at the present and two preceding terms,

all returned by the sheriff "not found." Upon this state of case the circuit court overruled the defendant's motion for a continuance; and it is the correctness of this ruling which is the subject of inquiry now.

The cases cited in the argument clearly show that the discretion of the judge in granting or refusing a continuance, while it is a legal discretion, is nevertheless to be exercised more rigidly after long delays, or several continuances granted to the party, than upon the first application.

The defendant here had three continuances and perhaps more; and the present motion for another, was two years after issue joined, and on account of the absence of a witness three times returned not found, and himself fully informed by the witness himself, of his intended departure, without having taken, or ever made an effort to take, his deposition.

Here there is such an inexcusable disregard of the well settled rule of law, which requires due diligence, as to forbid this court's interfering for that cause, with the discretion exercised in the premises by the court below.

But the case is fatally defective on another ground, viz., in failing to state that he could not safely go to trial without the witness. For what boots it that he is a material witness, unless the party, for lack of other witness, is able to prove the same facts, really needs the one absent.

For the foregoing reasons the court is of opinion that the judgment of the circuit court should be affirmed.

JUDGMENT AFFIRMED.