## LOFTIN ET AL V. STATE, USE, &C.

1. CONTINUANCE: *Practice in Supreme Court on refusal of, by Circuit Court.*
   The denial by the circuit court of a motion for continuance will not be interfered with by the Supreme Court unless it be a flagrant instance of an arbitrary and capricious exercise of power by the circuit court, operating to the denial of justice.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL Circuit Judge.

*Geo. B. Denison* for appellee.

1. This court will reverse where the court below improperly, or without a careful and considerate exercise of discretion, refuses a continuance for good cause shown.

2. The verdict is not responsive to the issue, and upon the verdict, a judgment for the penalty of the bond could not be rendered, without a finding by the jury of the truth of the breaches of the bond. *Gantt's Dig.*, secs. *4391–5; 1 Ark., 137; 6 Ib., 497; 10 Ib. 256.*

3. Due care was used, and as to the degree of care required by an officer, see *Drake on Attach., (1st Ed.)* secs. *348–9, 353, 361; Story on Bailments, sec. 132; Wharton on Neg., sec. 289; Shear & R. on Neg., 530; 27 N. Y., 234; 9 John., 381; 5 Hill, 588; 14 Vt., 262; 21 Ib., 147; 34 Vt., 188; 11 Mass., 242; 20 Me., 183; 21 Me., 558; 24 Me., 250; 20 Ib., 263; 33 Ib., 420; 19 Rich., 520; 2 N. H., 142; 11 Ib., 557; 41 Ib., 283.*

*Franklin Doswell* for appellee.

1. No exceptions were saved to the instructions, and they are not made part of the bill of exceptions, hence they are not before the court.

2. The bill of exceptions does not state that it contains

all the evidence, and the court will presume there was suf-
ficient to sustain the verdict.   *35 Ark., 413.*

3.   The verdict is not greater than the value claimed with
interest.

4.   Continuances are in the sound discretion of the court,
and their refusal is not ground for new trial, unless there
has been an abuse of discretion and a denial of justice.   *26*
*Ark., 323; 24 Ib., 599, &c.; 19 Ib., 230; 22 Ib. 441.*
And newly discovered evidence that would merely impeach
a witness is no ground for new trial.   *36 Ark., 260; 28*
*Ib., 531; 2 Ib., 133.*   It must be corroborated.   *Gantt's*
*Dig., sec. 4688, clause 7; sec. 4691.*

5.   Demand wholly unnecessary.   *3 Ark., 127.*

SMITH, J.   This action was against a sheriff and the sure-
ties on his official bond.   The breach assigned was, that the
principal in the bond, by virtue of an attachment issued and
to him directed in a cause then depending, wherein the pres-
ent relators were defendants, had seized and taken into his
possession two rafts of timber of the value of seven hun-
dred and fifty dollars ; that the attachment was afterwards
dissolved and restitution of the property ordered, but the
sheriff had failed after demand, to redeliver it, the same
having been so negligently kept that while in the sheriff's
custody, it was carried off, made away with, destroyed or
stolen.

The answer averred performance of the conditions of the
bond ; denied carelessness in the preservation of the prop-
erty attached ; denied demand before the commencement of
the action, and the value of the timber as alleged, stating
that it was worth two hundred dollars and no more.

The jury found for the plaintiff, and assessed the dam-
ages at seven hundred and eighty-four dollars and eight cents.
Judgment was entered for the penalty of the bond and
xecution awarded for the amount specified in the verdict.
c

The first assignment in the motion for a new trial—that the verdict was contrary to law—has not been pressed here. Apparently no exceptions were saved to the charge of the court, or to its refusal to charge. And the instructions given, though copied into the transcript, are not before us for any purpose, not having been embodied, nor referred to, in the bill of exceptions.

The second ground was that the verdict was against evidence. Since the bill of exceptions does not distinctly negative the idea that other testimony was adduced at the trial besides that which is set out, we might under the rule in *Seifralt v. State, 35 Ark., 412,* and cases there cited, decline to consider this alleged error. However, we have looked into the matter sufficiently to satisfy us that the judgment is not unwarranted by the proof.

The third ground of the motion—excessive damages—is equally untenable. An old raftsman, who had had considerable experience in measuring timber and who had examined these rafts, with a view to purchase, testified that there were fifty sticks of square oak timber, suitable for ship-building, and ranging in length from forty to fifty-six feet; that the sticks would average twelve hundred feet each by board measure, and that the timber was worth at the time and place when and where it became lost to the relators twelve dollars per thousand. This with interest from the time of action brought to the date of trial would exceed the amount of the verdict.

The fourth and fifth grounds relate to the action of the court in refusing to continue the cause at the instance of the defendants, and in refusing leave to the defendants to amend an application for a continuance.

CONTINUANCE: Practice in Supreme Court on refusal of.

This court has in two cases that we recall (*Hensley v. Tucker, 10 Ark., 527; McDonald v. Smith, 21 Id., 460*), reversed judgments because motions to continue were denied, but has usually discouraged attempts to control th

discretion of the circuit court in such matters. It must be a flagrant instance of the arbitrary or capricious exercise of power by the circuit court, operating to the denial of justice, that will induce us to interfere.

The cause had been pending nearly eighteen months. There had been one mistrial in Jackson county and the venue had been changed to Lawrence. The defendants moved for a continuance on account of the absence of six witnesses. The testimony of four of these witnesses was not material, and no diligence had been shown in getting it.

But by the other two witnesses, Redd and Lambert, it was expected to be proved that they were present when the timber broke loose from its fastenings; that H. R. Trent used every effort to reclaim the same and land it a short distance below, but was prevented by the high stage of water in White river; that said timber was not worth more than two hundred and fifty dollars; that said witnesses were familiar with the timber business and with this particular lot of timber and its value; that Lambert was present when the same was sold in New Orleans; that there was less than fifty thousand feet of it, and that after paying expenses it produced not more than five dollars per thousand feet.

The court decided that the plaintiff must admit that Redd and Lambert would so testify, if present, or submit to a postponement of the trial.

Pending the consideration of this alternative, the defendants proposed to amend their motion by the insertion of additional facts which Redd and Lambert would swear to, but leave was refused. And the cause was set down for trial on a future day of the same term, the plaintiff consenting to admit the testimony of Redd and Lambert as set out in the original motion. When the day of trial arrived, the defendants professed to have suddenly discovered that the testimony of two ladies in Jackson county was essential to their successful defense. By them they expected to

prove that the breaking loose of the raft occurred without the fault of H. A. Trent, who, as we suppose, was the person whom the sheriff had placed in charge; that Trent immediatly went in pursuit, but such was the stage of water and the character of the country below that it was impossible to land the raft within a distance of many miles. But this third motion for a continuance was overruled, and the trial proceeded with the result above stated.

In all this no error is perceived. The court evidently thought that the defendants were trifling with its time, or maneuvering for delay. And of this opinion also are we.

Judgment affirmed.