BEE, J.
It is not alleged by the plaintiff in error that the judgment rendered in this case is for any other or greater sum than is justly due from the estate of his intestate to the defendant in error. The complaint is that irregularities have been committed in the proceedings which have resulted in the judgment; and for those irregularities it is said the judgment should be reversed.
According to the rule of pleading, if a plea profess to answer only part of the declaration, and is in truth but an answer to part, the plaintiff is entitled to “sign” judgment for the part not answered by the plea, and to demur or reply as to the part that is answered. If however he demur or replj’ to the plea without signing judgment for the part not answered, the whole action is discontinued. 1 Chit. Pl. 453; Steph. Pl. 232; 1 *Saund. 28, n 3. So that when the plea was filed at the September rules 1852, the plaintiff in the action should have caused the common order to be confirmed as to so much of the debt as the plea did not and did not profess to answer. The failure so to do, and filing a general replication, occasioned the technical discontinuance of the action. And so at October rules after the cause had been remanded to rules at the previous term, the plaintiff, instead of confirming the common order generally, should have confirmed it as to the part not answered by the plea, and then filed his replication. Nor after such a general confirmation of the office judgment, could the irregularity be cured by the subsequent proceedings at the rules. The clerk I apprehend could not correct the error which had been committed at the October rules, by making the proper entry at the March rules following. By the general confirmation of the common order at the October rules, the proceedings at rules were closed; and the defendant could not be held to attend longer at the rules in the expectation that at a subsequent rule day the plaintiff would correct the error in his proceedings, and put him to a further pleading.
But though it was not competent for the clerk to correct the proceedings at rules, yet under the fifty-first section of chapter 172 of the Code, p. 653, the court, it is clear, had full authority so to do. By that section, control is expressly given to the court over all proceedings in the office during the previous vacation; and it may reinstate any cause discontinued during such vacation, set aside any of the proceedings, correct any mistake therein, and make such order concerning the same as may be just. There can be no doubt then that the court might properly, as it did, set aside all the proceedings at rules after the cause had been remanded at the previous term, and permit the plaintiff to do then, in court, what he could and should have *done *598 at .the rules, to wit, file his replication and take judgment for the part not answered by the plea. No injustice could be done by this to the defendant, as it only placed the cause exactly where it would have been but for the irregularities which had occurred at the rules. The whole matter then resolves itself into the question whether the case should have been tried at the same term. And here I do not hesitate to say that if the defendant had claimed a continuance of the cause as a matter of right and without showing any cause, he would have been clearly entitled to it. The plaintiff having only at that term placed himself, rectus in curia, could not insist upon a trial at the same term. He was bound to submit to a continuance of the cause if the defendant had claimed it. But it does not appear that the defendant asked for a continuance, nor did he take any exception-to the opinion of the court that the case might be tried at the same term. His motion was to send the cause back to rules, and his exception was to the refusal of the court to .grant this motion, and to its giving the plaintiff leave to reply to the plea. If he had claimed a continuance of the cause and the court had refused it, and he had tendered a bill of exceptions, the plaintiff might have yielded the point; and if otherwise, and the exception had been taken, I think it would have been error for which the judgment should have been reversed. But I do not think the court erred either in permitting the plaintiff to reply in court to the plea, and take judgment for the part unanswered by it, or in refusing to send the cause back to rules.
I am of opinion therefore to affirm, the judgment.
The other judges concurred in the opinion of Bee, J.
Judgment affirmed.