THOMPSON, J.,
delivered the opinion and decree of the court, as follows:
The court is of opinion that the cause was not discontinued *in the county court by reason of the failure regularly to note on the record its continuance from time to time, or from term to term, and this the more especially, as after the several miscontinuances or failures to continue to the next succeeding terms, relied on as operating a discontinuance, the cause was regularly continued subsequently by the consent of the parties.
The court is further of opinion, that it was properly removed from the county to the circuit superior court, under the fourth section of the act of March 28, 1843, Sess. Acts, p. 18. upon the authority of Harrison v. Middleton, 11 Grat. 527, and Kincheloe v. Tracewells, Ibid. 587.
And the court is further of opinion, that the proceeding did not abate or determine by the death of Hix, the owner of the land sought to be condemned by the writ of ad quod damnum, but was properly continued in court to be proceeded in and prosecuted to final judgment against his real representatives, Armistead B. Burwell and Elizabeth Mary his wife, by a scire facias and order of revival; the court regarding the scire facias as a notice merely to the new party in interest of the proceeding commenced in the lifetime of the ancestor, and the order of revival as a certificate of record that they had been notified. The court is of opinion, that this case is not within the letter or purview of the statutes providing for the revival of actions, real, personal or mixed, by scire facias, but that it results from a reasonable construction of the law, from the very nature of the statutory proceeding authorizing the condemnation of land by writ of ad quod damnum for the erection of mills, which requires all parties interested to be summoned, upon the return of the inquisition, to show cause against granting the leave, that if pending the proceeding a land owner who has been notified dies, he who succeeds to his rights in the land may and must be notified, and thus made a party to the proceeding before the judgment granting the leave. To hold that the death of such a party determined and abated the *whole proceeding, and made it necessary for *860 the applicant to -begin de novo and summon the new party to answer to or show cause against a new application, instead of summoning him to answer to the one which had progressed almost to final determination in the lifetime of his ancestor, would be a construction of the statute too absurd, and in its consequences too inconvenient, to be tolerated. The question raised in this case, for the first time, so far as we are informed, under the old iaw, is one of but little interest or importance, since it never can arise under the more comprehensive phraseology of the Code of 1849, which took effect the 1st July, 18S0.
And so it seems to the court that the judgment of the circuit superior court, rendered on the 14th May, 1850, dismissing the cause and adjudging costs against the plaintiff, is erroneous. It is therefore considered that the same be reversed and annulled, and that the plaintiff in error recover against the defendants in error his costs by him expended in the prosecution of his writ of supersedeas here. And it is ordered that this cause be remanded to the Circuit Court of Franklin county, for further proceedings and final judgment to be had therein according to law and the rights of the parties.
The other judges concurred.