# Wheeling.

JOHN D. D. ROSSETT *vs.* GARDNER AND RICHARDSON.

January Term, 1869.

It is held that a party is entitled to a continuance where he has used due diligence to be prepared for a trial, and one of his counsel is absent by reason of a change in the time of holding the circuit courts in an adjoining circuit, having been previously engaged in the last mentioned court and in attendance at the same; and where his other counsel, although present during the term, was absent when the cause was heard.

This cause arose in Jackson county. The question determined by this court was whether the appellant, Rossett, was entitled to a continuance in the court below at the term when a final decree was had against him, September, 1866.

The following affidavits were filed at the September term, on a motion to submit the cause to the court :

"Before me, John H. Riley, deputy of R. R. Riley, personally appeared the complainant, John D. D. Rossett, and made oath that at the commencement of the term of this court last Monday, in open court before the bar, he has asked to his counsel, Benjamin H. Smith, Esq., present, what arrangement he had made, for he had been engaged by the complainant as his legal defensor in some of the cases of the said complainant being then before the court, and handed them by him to Mr. Tomlinson, from Mason county, attorney-in-law then at the bar to attend to him, then the said attorney, Benjamin H. Smith, then and there, in presence of Mr. Robert Brown, attorney practising at the bar aforesaid, called the said Mr. Tomlinson to remember their understanding, that no case of said Rossett should be passed save the case of Wolf, to the best of his knowledge and belief. The deponent further states that he sincerely believes

he cannot proceed, and justice be done to him, without the defence of his learned counsel, who is thoroughly ac-quainted with the case and the bearings on it of law and equity, the case being of magnitude and of great impor-tance and burden for him, and that the deponent has made all possible exertion to have the case ready, and his other counsel, Benjamin Wilson, Esq., present, but unavoidably absent, as reference to be had in his affidavit, filed this term of the court, in the case of deponent against John M. Greer, et al."

"U. W. Flesher, one of the attorneys for the defendants, makes oath that since he has been employed in this cause he has submitted on the 1st day of each term of the circuit court of this county, for four or five times, the file of papers in the above chancery cause.

"That the complainant or his counsel, at each time of sub-mission, would call for and take the papers, saying they would examine them and hand to the court in time for de-cision, or else would file an affidavit on account of their de-fects in taking evidence, and have the cause continued; that when they did take them that they kept the file until after the court adjourned, or until it was too late in the term for the court to examine them; that at the last term, of this court John D. D. Rossett, the complainant, by an. affidavit stating that defendants had excepted to his evi-dence; that he could not go safely into trial without said. evidence being retaken; that it was then in process of be-ing taken, &c.; and asked that cause be continued until the next term.

"Affiant further makes oath that the said complainant has now taken said evidence three or four times, and each time he has substantially committed the same error, and the de-positions now filed, in the opinion of the affiant, since the last term of this court, is subject to the same exceptions. Affiant therefore believes that they are taken faulty pur-posely to delay and prevent a final hearing of this cause."

The matter referred to by affiant, Rossett, in the affidavit in the cause against Greer et al., was that a change had

been made by the legislature in the time of holding courts in the circuit adjoining Jackson county, and that his counsel, Benjamin Wilson, Esq., was in attendance upon a term then holden in that circuit and could not be present at the Jackson court.

*A. F. Haymond* for the appellant.
*G. H. Lee* for the appellees.

BROWN, President. This case, though very imperfectly presented, yet shows satisfactorily that appellant had used due diligence to be prepared for trial, however wanting he may have been at a former term. That one of his counsel was unavoidably absent by reason of a recent and important change by the legislature in the time of holding the court, by which the counsel, by previous engagement, was required to be at another court at the same time.

The appellant's other counsel, though present on a preceeding day of the term, was, from some cause not explained in the record, absent when the cause was heard, and the appellant left without the aid of any of his counsel, had to prepare his affidavit for continuance himself; and its imperfections furnish ample evidence of his need of counsel in the preparation and management of his cause.

I think the court ought to have continued the cause under the circumstances. Without, therefore, expressing any opinion on the merits of the case, I am of opinion to reverse the decree and remand the cause with costs to the appellant.

BERKSHIRE, J. From the appellant's affidavit, filed at the time of the final hearing of the cause, upon which he founded his motion for a continuance upon the ground of the absence of his counsel who were conducting the suit, (though the affidavit is not free from ambiguity and was evidently written by the appellant himself), I think it sufficiently appears that neither of said counsel were present at the time such application for the continuance was made, though it does ap-

pear that one of them, B. H. Smith, Esq., was present and in attendance upon the court on a previous day of the same term. And as it does not appear that the appellant was wanting in proper diligence in reference to the procurement of counsel, or in any respect responsible for their absence, I think he was entitled to the benefit of their services, or at least one of them, and that the court erred in proceeding to a hearing of the cause in the absence of both of them.

I do not deem it necessary to express any opinion on the merits of the final decree complained of, as I think the case should be remanded for further proceedings.

In my opinion the decree should be reversed, with costs to the appellant here, and the cause remanded to the circuit court for further proceeding.

MAXWELL, J., *dissentiente.* The first ground of error assigned in this case, is that the court erred in not continuing the cause at the term when the decree was rendered in consequence of the absence of the complainant's counsel.

It is difficult, if not impossible, to know the precise condition of the record in respect to the continuance supposed to have been applied for. The final decree dismissing the complainant's bill was rendered at the September term, 1866, of the court. At the June term preceeding, the complainant filed his affidavit in the papers of the cause, stating, among other things, that he could not proceed safely in the case without his counsel, B. H. Smith, Esq., and B. Wilson, Esq. No order seems to have been entered in the case at that term. At the term at which the decree complained of was rendered, the complainant filed another affidavit the greater portion of which is not intelligible. But the deponent states in the last named affidavit that " he sincerely believes he cannot proceed and justice to be done to him without the defence of his learned counsel, who is thoroughly acquainted with the case and the bearings on it of law and equity, the case being of magnitude and of great importance and burden for him, and that the deponent has

made all possible exertion to have the case ready, and his other counsel, Benjamin Wilson, Esq., present, but unavoidably absent."

I gather from these two affidavits that the counsel for the complainant consisted of B. H. Smith and B. Wilson, and the last of the affidavits states that Mr. Wilson was unavoidably absent, but it does not state that Mr. Smith was absent, but it does seem to appear from another part of the last named affidavit that Mr. Smith was present at least at one time during that term of the court.

It seems, therefore, that the complainant had two counsel, one of whom was present when the decree complained of was rendered. It does not appear from the affidavits of the complainants that he desired or expected any other or further preparation to be made in the case, or that he desired or expected anything to be done before the case was to be submitted. Moreover, it appears from the affidavit of Flesher, one of the counsel for the defendants, that he had submitted the cause to the court on the first day of each term of the court for four or five terms, and that either the complainant or his counsel, at each time of such submission, would call for and take the papers, saying they would examine them and hand them to the court in time for decision, or else would file an affidavit for a continuance; that when they took the papers they would keep them until after the court adjourned, or until it was too late in the term of the court to examine them.

Under the circumstances of the case I do not think the complainant was entitled to any continuance even if he had no counsel present, and had asked the court to continue the case for that reason, which was not done so far as the record discloses; nor does the record show that any continuance was applied for at the term when the case was determined for any cause.

DECREE REVERSED.