Anderson, J.,
delivered the opinion of the court.
The purpose of the writ of scire facias is to give notice-to the defendant of an application for award of execution. The writ may be returnable at rules in the office, or in court. And the order awarding execution is made upon due return of the process, unless good cause be-shown against it. If the writ is returnable to rules, it is-made at rules, and if not set aside at the next succeeding term, becomes a final judgment of the last day of the" term. If the writ is returnable to the court, the order is-made in court. It is not necessary to send the case to rules, because it is not a proceeding which requires a declaration or a rule to plead; the purpose' for which rule days are required in the office. Code of 1860, ch. 171, sec. 4. The default of the defendant in not appearing is a sufficient foundation for award of execution Williamson v. Crawford, 7 Gratt. 202. But now, by sec. 6, chap. 170, of Code of 1860, no judgment by default on a scire facias or summons shall be valid, if it become-final within one month after the service of the process ,- which is not the case here. The court is, therefore, of” opinion that there is no ground for reversal in the first" assignment of error.
As to the second assignment of error: Where the law provides that a term of the court shall be held monthly, it would not be competent for the court to pass over one term prescribed by law, and adjourn to a subsequent term. That is, it would not be competent for the county court, at its July term, to adjourn to the first day of the September term, passing over the August term, if the. *39 law required a term to be held in the month of August. But if the court failed to meet at the August term, by section 15, chap. 161, of Code of 1860, it would work no discontinuance; but every notice, recognizance or process given, taken or returnable to the August term, and all matters ready for the court to act upon at the August term, shall be in the same condition and have the same effect, as if given, taken or returnable, or continued to the next court in course. And the 16th section provides for the continuance of all causes to the next term, where no order of continuance is made. These sections provide for cases in reference to which no order has been made, and the 16th section provides for a general continuance . of tbe causes to tbe next term in course, where no order has been made by tbe court on the subject; but if the court bad made an order continuing the trial of any particular cause to any particular day in the next term, or to the subsequent term, passing over the intervening term, the case would not fall within this provision of the statute. And no good reason can be perceived why the court may not, for good cause shown, on the motion of the accused, postpone the trial of a cause, to any particular day in the next term, or to a term subsequent to .that. It could work no discontinuance; for the record shows that the cause was continued to a day, in the term of a court competent to try it; which would not be the case, if it were continued to a day in vacation. In Sands’ case, 20 Gratt. 800, the cause was continued upon the motion of the commonwealth’s attorney, at the June term of the Hustings court of the city of Richmond, to the September term of that court, passing over the July term of the court. It bad no term for the month of August. In this case the continuance of the trial from the August to the October term, was ordered on motion of the accused. The court is of opinion that *40 there is no error in that; and that the demurrer to the scire facias, on that ground, was properly overruled.
But it is contended that there is a variance between. the scire facias and the recognizance; which question was ra^se<^ by the demurrer, the defendant having craved oyer of the recognizance; that for that cause the demurrer should have been sustained, or the recognizance should have been excluded as evidence.
It appears from the recognizance that the accused was indicted for embezzlement, and was recognized to appear to answer that offence; as required by chap. 209, § 40, of acts of 1866-7, p. 942. The scire facias recites that he was to appear and answer, not for “a felony” generally, but “a certain felony lohereof he stood accused.” Embezzlement being made felony by statute, the court can perceive ho variance between the recognizance and the scire facias. Section 11, of chap. 211, of acts of 1866-7, p. 943, provides that “nojaction or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance, if it appear to have been taken by a court or officer authorized to take it, and be substantially sufficient.” The court is of opinion that the recognizance» in this case is substantially sufficient, and is substantially set out by the scire facias, and that there is no ground in this assignment of error for reversal.
; The court is further of opinion, that there is no error in sustaining the demurrer of the plaintiff to the defendant’s special pleas. While it is true that the bail may be excused for his default in performing the condition of the recognizance, when it becomes impossible of execution by the act of God, or of the law, or of the cognizee, it is not competent for the accused to absolve himself or his bail by accepting office under the government of the United States.
*41 The court is, therefore, of opinion to affirm the judgment of the court below.
Judgment APPIRMED.