Moncure, P.,
delivered the opinion of the court.
The court is of opinion that the circuit court did not err in overruling the demurrer to the second and third counts of the declaration. The court ought, also, to have overruled the demurrer to the whole declaration and the first count thereof. But the error of the court in that respect is not an error to the prejudice of the plaintiff in error; of which, therefore, he cannot complain. The supposed error in the second and third counts of the declaration consists, in treating the bond therein mentioned, in which no denomination of money is specifically mentioned, as being a bond for so many dollars; upon the ground that the word *“dollars,” was intended by the parties to be, and ought to have been, inserted m the bond, after the number “seven hundred and seventy-six,” but was omitted therein; and that the true and proper legal construction of the bond is, that it is a bond for so many, dollars. We think that the court was right in that construction, and it is a bond in the penal sum of $776. It was certainly intended to be, and was, a bond for so much money of some kind? Now, of what kind? Can there be a doubt on that subject? Does not the whole bond, including both the penal part and the condition, conclusively show that “dollars,” and only “dollars” was the denomination of the money for which it was given? The bond was given for “lawful money of Virginia.” What is the plain meaning of the description, even standing by itself? Certainly “dollars.” The Code, ch. 137, 'íl 1 and 2, p. 976, declares that: $ 1. “The money of account of this state shall be, the dollar, cent, and mill; all accounts by public officers shall be so kept;” and, | 2. ‘ ‘No writing shall be invalid, nor the force of any account or entry be impaired, because a sum of money is expressed therein otherwise than in the said money of account. ’ ’ The condition is expressly for dollars, which conclusively shows, in the absence of evidence to the contrary, that the penal part is for dollars; the amount being, as is usual, about double the a mount mentioned in the condition. Nothing is more common than the omission of words, and even most important words, in drawing written instruments; and yet those words can, generally, be as well understood from the context of the instrument as if they were expressed in it, and the instrument i.s construed accordingly. It would be a great defect in the law if this were not so. It will *hardlv be contended, and perhaps in the argument was not contended, that the law is not so in regard to the construction of ordinary contracts in writing between man and man. But it seemed to be supposed that a different rule of construction applies to records; in which it seemed to be contended that an omitted word, however plainly implied by the context of the instrument, cannot be supplied by construction. In this we think the learned counsel were plainly in error; and that a record, and even a statute, is governed by the same rule of construction in this respect as other written instruments. All are liable to mistakes; as well courts and legislatures as men of business; and in construing the written instruments of all, the business of a court of construction is, to ascertain from the instrument the intention of its framers. A court or a legislature is more deliberate in framing its acts than men engaged in business, and it is therefore supposed to make fewer mistakes in its language. But it sometimes makes them; and then its acts must be subjected to the legal rules of construction for the purpose of ascertaining the intention, if that can be done. It is *664 not admitted that the bond in question in this case was a record, or anything' more than a contract inter partes. We do not intend to decide that question, because we do not deem it material. For whether it be a record, or in the mature of á record, or not, the word dollars must be understood and applied as aforesaid, in its construction.
The court is further of opinion that the circuit court did not err in overruling the motion of the defendant to exclude the said bond from being read as evidence on the trial of the cause, because of the supposed variance between the bond offered in evidence and the bond described in the declaration.
*There was, in fact, no such variance. The bond offered in- evidence was the same in legal construction and effect as the bond described in the declaration, as has already been fully shown. There was no necessity, even if it were competent, to offer testimony as to what was meant thereby. The meaning sufficiently, and indeed conclusively, appears from the bond itself. The bond was not required by law to be executed in the presence of the court, but to be given before the clerk of the court in which the judgment was. Code, p. 1128, § 10. Though its being given before the court, if it so was, cannot vitiate it. And even if it were not in fact taken before the court, though certified by the clerk at the foot of it so to have been, the bond would not thereby be vitiated, if in fact given before the clerk; as it was. But that the court did not sit on the day of the date of the bond, does not show that it was not executed in the presence of the court, especially when the clerk has certified that it was so executed. It may have been mis-dated; or executed'on a day different from that on which it bears date.
The bond was not taken without authority of law. It was argued that it was, because the endorsement made by the judge, granting the injunction directed to the clerk, says: “Injunction granted on the usual terms,” without stating upon what terms it was to become operative. The statute does not require that the terms upon which the injunction is granted shall be stated in the order directed to the clerk. It certainly does not require that all the terms shall be stated in the order; but only, if any, that the penalty of the bond shall be stated in the order. All the other terms and conditions of the bond are prescribed by the statute, and need not be, and rarely ever are, repeated *in the order. To grant an injunction to a judgment “on the usual terms,” is to grant it on the terms of giving a bond with condition as prescribed by law. The bond in this case is conditioned according to law, and so in that respect conforms to the usual terms. But the amount of the penalty was not fixed by the direction of the judge who awarded it, and it seems to be therefore supposed by the learned counsel that the bond is void. JSTow is that so? We think not. The penalty of an injunction bond, where the injunction is to a judgment, is generally about double the amount of the judgment; and independently of any direction to the court in the statute to fix the penalty, a grant of an injunction on the usual terms would be understood to contemplate a bond in a penalty about double the amount of the judgrnent. Formerly nothing was said in the statute about the amount of the penalty of the injunction bond. And probably nothing would ever have been said in the statute about the amount of such penalty if judgments alone had been the subject of an injunction. But as the statute embraces many other subjects of injunction, which, in themselves, afford no guide to the clerk in fixing the penalty of the bond, it therefore provides that the bond, in cases of injunction, all of which are embraced in the same section, shall be in such penalty as the court or judge awarding it may direct. In this case the injunction was to a judgment, and was granted on the usual terms, and a bond was taken in a penalty about double the amount of the judgment. Was not this a compliance with the order? and did not the order comply with the law? Without deciding that question, we are of opinion that the obligors to the bond are estopped from denying that the penalty of the bond conformed to 'the direction of the judge who awarded the injunction. *But it appears that the bond was executed in the presence of the court, which thereby received and sanctioned the bond, including the penalty. And this had at least as much effect in fixing the penalty, of the bond as if the amount of it had been prescribed in the order awarding the injunction;
The court is further of opinion, that the circuit court did not err “on the motion of the defendant, ” in the words of the third assignment of error, “to continue the cause, after having proved the absence of a material witness and his inability to go to trial in such absence. The court had no power to compel him to disclose what he expected to prove by such witness, and then to determine that what was proven was inadmissible and irrelevant, and the witness incompetent.”
In Hewitt’s case, 17 Gratt. 627, cited by the counsel for the defendant in error, it was held by this court that “a motion for a continuance is addressed to the sound discretion of the court under all the circumstances of the case; and although an appellate court will supervise the action of an inferior court on such a motion, it will not reverse a judgment on that ground, unless such action was plainly erroneous;” and that “where the circumstances satisfy the court that the real purpose in moving for a continuance is to delay or evade a trial, and not to prepare for it, then though the witnesses have been summoned, and the party has sworn to their materiality, and that he cannot safely go to trial without them, the continuance should be refused.”
On the principles above mentioned, we certainly cannot say that the action of the *665 court in regard to the motion for a continuance was plainly erroneous. It was a case in which the court might very properly, as it did, require the defendant, William N. Harman, to *'disclose the facts he expected to prove by James W. Har-man. The witness, who was the principal debtor, had been summoned as a witness for the defendant at the previous term of the court, when the case was continued on the motion of the defendant on account of the absence of the said witness, against whom a rule was awarded, returnable to the next court, when he was again absent, though his absence was then accounted for by the testimony of a witness that there was a dangerous disease prevailing in his family a few days before. The defendant disclosed the following as the facts which he expected to prove by said witness, viz: “that when the defendant, Wm. N. Harman, signed the said injunction bond, it was understood between said Wm. N. Harman and James W. Harman that John Henderson would also sign the said bond as one of the securities, and that defendant, Wm. N. Harman, signed said bond upon the express condition and understanding that said Henderson would sign it, and this fact was announced to the clerk, James W. English, at the time it was signed by said Wm. N. Harman, the defendant; but William H. Howe, the plaintiff, knew nothing of such agreement or understanding.” If James W. Harman would have been an inadmissible witness in the case to that transaction, being one of the parties to the bond, and said English, the clerk, before whom it was acknowledged being dead, then of course it would have been improper to continue the cause on account of the absence of said witness. But we deem it unnecessary to decide whether said witness would have been admissible or not for that purpose, as we are of opinion that even if the fact which the defendant stated he expected to prove by the witness had been before the court on the trial of the cause, it would not have affected the result. *The bond is an official bond, executed before the clerk of the court and in the presence of the court. The obligors having signed, sealed and acknowledged it in the presence of the court, and it having been accepted and acted on as their bond, they are now estopped from denying it. The mere fact that it has two blank seals annexed to it does not invalidate the bond. Nothing is more common in the execution of a bond of that kind that blank seals are left to it. They are generally put there in order that sufficient names may be gotten to them to satisfy the court or officer taking the bond that the security is sufficient; and when it is sufficient, the parties signing it acknowledge it before such court or officer by whom it is accepted, and the obligors are then estopped from denying it. Whatever understanding there may be between the obligors to the bond or any of them as to its being signed by others, that cannot affect the validity of the bond, if neither the obligee nor the court in which it was executed consents to such an understanding or has any notice of it. The obligors know, or are presumed to know, that the bond is intended to be acted on as their bond so soon as it is acknowledged and accepted as aforesaid, and that the court or officer before which it is executed and acknowledged cannot be expected or bound to become the agents of any of the persons who have executed or acknowledged it, in procuring it to be executed and acknowledged by other persons. It is not pretended that there was, in this case, any understanding with the plaintiff or the court, even if we can suppose that there could have been such an understanding under any circumstances, that the obligation of the surety to the bond was to be conditional only, and to depend upon another person’s becoming surety. It is stated by the defendant that *“this fact was announced to the clerk, James W. English, at the time the bond was signed by William N. Harman, the defendant;” but it is further stated that “Wm. H. Howe; the plaintiff, knew nothing of such agreement or understanding. ’ ’ Without referring again to the authorities cited by the counsel for the plaintiff in error, to show that, according to the statement of what the said plaintiff expected to prove by the witness, he was not bound by the said bond, it is enough for us to say that we do not hold that any or all of them sustain that proposition.
We are therefore of opinion that there is no error in the judgment, at least to the prejudice of the plaintiff in error, and that it ought to be affirmed.
Judgment affirmed.
CONTINUANCES.
I. In General.
A. Matter for Sound Discretion of the Court.
B. This Discretion Is Judicial and Subject to Review.
C. what Court Relieves against Refusal to Continue.
D. Must Be Cause for Continuance.
E. Must Be a Motion for Continuance and Exception Taken.
F. No Order of Continuance Is Necessary.
G. Where Several Continuances Have Been Granted the Rule Is Stricter.
H. Motion for Continuance May Be Made before Arraignment.
I. Motion after Trial Begun usually Denied.
II. Continuance as Matter of Right.
III. Continuance Discretionary.
A. Absent Witness.
1. Evidence Material.
2. Evidence Immaterial.
3. Witness Necessary.
4. Due Diligence Exercised.
a. When Witness Is Resident of State.
b. When Witness Is a Nonresident.
5. Due Diligence Not Exercised.
a. When Witness Is Resident of State.
b. When Witness Is a Nonresident.
*666 6. Name of Witness Should Be Stated.
B. Immaterial Amendment No Ground for Continuance.
C. Prejudice No Ground for Continuance.
D. When Object of the Motion Is Delay, a Continuance Is Refused.
1. No Presumption That Delay Is the Object.
2. If Delay Is the Object Court May Require Evidence to Be Stated.
E. Continuance of Motion to Dissolve an Injunction.
a. When Continuance Denied.
b. When Continuance Allowed.
I. IN GENERAL.
A. Continuance Is Usually a Matter for the Sound Discretion of the Court. — “Amotionfor a continuance is addressed to the sound discretion of the court under all the circumstances of the case.” Harman w. Howe, 27 Gratt. 676; Carter v. Wharton, 82 Va. 264-267; Norfolk, etc., R. Co. v. Shott, 92 Va. 35-45, 22 S. E. Rep. 811; Clinch River Mineral Co. v. Harrison, 91 Va. 122-28, 21 S. E. Rep. 660; Goodell’s Ex’ors v. Gibbons, 91 Va. 608, 22 S. E. Rep. 504; Hite v. Com., 96 Va. 489, 31 S. E. Rep. 895; Ross v. Norvell, 3 Munf. 170; Bledsoe v. Com., 6 Rand. 674; State v. Betsall, 11 W. Va. 703-27; Davis & Moore v. Walker, 7 W. Va. 447; Riddle v. McGinnis, 22 W. Va. 253-68; Smith & Atkinson v. Knight, 14 W. Va. 749-59; Marmet Co. v. Archibald, 37 W. Va. 778, 17 S. E. Rep. 301.
Where notices are given to any particular day in the district court, the practice has invariably been considered as requiring: that the defendant should be called before any continuance is made. Wilkinson v. Hendrick, 5 Call 12. And this calling- should appear by the record. Parker v. Pitts, 1 H. & M. 3.
On indictment for felony, if continuance is granted, it should appear by the record that the prisoner was present at the time of the granting* of the continuance. Shelton v. Com., 89 Va. 450, 16 S. E. Rep. 355.
B. This Discretion Is Judicial and Subject to Review. —But this discretion is judicial and a superior court will supervise the action of an inferior court on a motion for continuance, and will reverse its judgment when the allowance or refusal of the motion was plainly erroneous. Hewitt v. Com., 17 Gratt. 628-29; B. & O. R. Co. v. Wightman’s Adm’r, 29 Gratt. 431-47; Pairo v. Bethell, 75 Va. 825-28; Roussell v. Com., 28 Gratt. 930; The Bland & Giles Co. Judge Case, 33 Gratt. 443; Keesee, Clark et als. v. Border Grange Bank, 77 Va. 129; Com. v. Mister, 79 Va. 5; Phillips v. Com., 90 Va. 401, 18 S. E. Rep. 841; Welsh v. Com., 90 Va. 321, 18 S. E. Rep. 273; Early v. Com., 86 Va. 921, 11 S. E. Rep. 795; Gaines v. Wilson et al. (Va.), 24 S. E. Rep. 828; Fiott et als. v. Com., 12 Gratt. 564-76; Buster & Beard v. Holland et als., 27 W. Va. 510-34; State v. Maier, 36 W. Va. 757, 15 S. E. Rep. 991; Shelton v. Com., 89 Va. 450-53, 16 S. E. Rep. 355.
C. What Court Relieves against Refusal to Continue. —The relief for a defendant at law, in case of improper refusal to continue the cause, is at law and not in chancery. Syme et als. v. Montague, 4 H. & M. 180.
D. Must Be Cause for Continuance. — In Com. v. Mister, 79 Va. 5-11, it was said: “In this case the action of the court in overruling the motion for a continuance ¡ was plainly right, as the motion was unsupported 1 by any sufficient ground whatever.”
In Clements v. Powell, 9 Leigh 1, it is said: “There ' being then no cause shewn for a continuance, the county court acted rightly, in the exercise of a sound discretion, to refuse it.”
“It is not to be supposed that his counsel did not know that the plaintiff was entitled to have his cause tried at that term, unless the defendant showed good cause for a continuance.” Riddle v. McGinnis, 22 W. Va. 253-67.
“In the circumstances of this case, as disclosed in the certificate of facts, we can discover no reasonable ground for the application, and it was, therefore, properly refused.” Keesee, Clark et als. v. Border Grange Bank, 77 Va. 129-32; Bledsoe v. Com., 6 Rand. 673.
This Is Especially True of Criminal Cases. — “When the accused is ready for and demands trial by a court wherein he stands indicted, and may be lawfully tried, he is entitled to trial without delay, unless the prosecution shall show good cause for a continuance.” Benton v. Com., 90 Va. 328, 18 S. E. Rep. 282.
The continuance in this case was granted solely upon the ground suggested by the commonwealth’s attorney, that he could not convict the prisoner without the testimony of a convict accomplice who would soon be released. The case was reversed for improper continuance. See Const. Va., art. 1, § 10; Code W. Va., ch. 131, § 6; Acts W. Va. 1882, ch. 120, § 6; Anderson v. Com., 84 Va. 77, 3 S. E. Rep. 803; Keesee et als. v. Border Grange Bank, 77 Va. 129; State v. Maier, 36 W. Va. 757, 15 S. E. Rep. 991; Code of Va. 1887, § 4016.
E. There Must Be a notion for Continuance and Exception Taken. — There must be a motion for a continuance and an exception taken to the action of the court in refusing to allow it, or the higher court can take no cognizance of such refusal: and this is true though the party be entitled to continuance as a matter of right. The maxim omnia rite esse acta vrae-sumuntur applies in such case. Southall’s Adm’r v. The Exchange Bank of Va., 12 Gratt. 312-16; Early v. Com., 86 Va. 925, 11 S. E. Rep. 795.
If there was any ground to believe that other testimony could have been procured, the plaintiff should have moved the district court for a continuance of the cause; and not have waited until verdict was rendered against him: and then bring it forward as a ground for a new trial, after having taken his chance with the jury. Gordon v. Harvey, 4 Call 450; Hook v. Nanny et als., 4 H. & M. 157.
In R. & M. R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901, it was held no ground of continuance could be taken advantage of in the higher court unless properly put on the record by a bill of exceptions.
Affidavit to Support Motion Not Part of Record un= less Exception Taken. — In the case of Garland v. Bugg, 1 H. & M. 374, Judge Tucker said: “It would be a dangerous precedent to allow affidavits to be a part of the record; unless made so by an exception.”
In Ross v. Norvell, 3 Munf. 170-182, the higher court refused to reverse the lower because the bill of exceptions did not show error.
In Early v. Com., 86 Va. 921-25, 11 S. E. Rep. 795, it is said: “The circumstances under which the motion was made are not set out in the bill of exceptions with sufficient fullness as to enable us to do otherwise than to disregard the exception. Certainly the error, if any was committed, is not apparent, and nothing is better settled than that everything is to be presumed in favor of the correctness of the rulings of a court of competent jurisdiction, whenbroughtunder review in an appellate tribunal, until the contrary is shown.”
F. No Order of Continuance Is Necessary. — Omission to continue cause on record when there has been *667 a verdict is no discontinuance of the prosecution for a misdemeanor. Hill v. Com., 2 Va. Cas. 61. (1810.)
When there is a general order of continuance of cases an omission to direct 'venire facias. or capias to he issued is no discontinuance of prosecution for misdemeanor. Com. v. Gourd. 2 Va. Cas. 470. (1824.)
Adjournment of court after verdict without an •order of continuance does not discontinue cause and prevent judgment on the verdict at the next term. Cleek v. Com., 21 Gratt. 777. (1871.)
In Amis v. Koger, 7 Leigh 221, the court without consent of defendant continued the case over a period of two terms. Held, this was a discontinuance of the cause. (1820.)
In Hale v. Burwell and Wife, 2 Pat. & H. 608, the cause was continued regularly from term to term •except that at the April term it was continued to the June term, and at the November term to the March term and at the July term no notice was taken of it, either by continuance or otherwise. It was held, that the cause was not discontinued by reason of the failure to note on record its continuance, and this more especially as after the several miscontinuances or failure to continue, the cause was regularly continued subsequently by consent of the parties. See Va. Code 1850. § 16. p. 627; Va. Code 1887, §§ 8124 and 4013. But §§3123 anti 3124.would'not authorize the court to continue the cause for two terms passing over an intervening one -mitUout consent of accused. See Bolanz et al. v. Com., 24 Gratt. 39, which is decided under Va. Code 1860, ch. 161, §§ 15 and 16 which are identical with the sections supra.
In Bolanz et al. v. Com., 24 Gratt. 31, the case was continued from the August term to the October term passing over the September term. But the continuance was on motion of the accused. Held, no error. Harrison v. Com., 81 Va. 491, construes § 26, ch. 201 and § 16, ch. 161, of Va. Code 1873, which corresijond to §§ 4013 and 3124 of Code 1887. Held, a failure to enter an order of continuance does not operate as a discontinuance of the prosecution.
N. B. — If the case is called for trial during the term. a party wishing a continuance must make a motion for it. Southall’s Adm’r v. The Exchange Bank of Va., 12 Gratt. 312-316.
G.Where Several Continuances Have Been Granted the Rule Is Stricter. — Where several continuances have been granted to a party the rule as to allowing further continuance is more strict and much latitude is given to the discretion of the court Logie v. Black, 24 W. Va. 1.
Jn Milstead v. Redman, 3 Munf. 219, one continuance was granted defendant, and after a new trial another continuance was allowed him. Held, not error to refuse a motion for third continuance though absent witness had been summoned and was material.
In Brooks v. Calloway, 12 Leigh 466, there had been three successive continuances granted to defendant and leave to take depositions. Held, not error to refuse another.
In Wilson v. Kochnlein, 1 W. Va. 145, after three successive continuances no deposition having been taken and no summons returned, executed, the motion for a fourth continuance was denied properly.
In Holt v. Com., 2 Va. Cas. 156, a motion for a second continuance was overruled, principally on the ground that due diligence had not been used by the prisoner in summoning his witness, particularly as a continuance had been already granted him.
In Spengler v. Davy, 15 Gratt. 381-5. it is said: “When we take into consideration the further fact that the plaintiff in error had already been indulged with two continuances of the cause, the fair conclusion is that if he has lost the benefit of any important fact on the trial of his case, such loss is due, not to any injustice or harshness in the ruling of the court, but to his own culpable negligence.”
In Davis & Moore v. Walker, 7 W. Va. 447, after two continuances had been granted on motion of defendant, it was held no error to refuse a third, especially as no deposition had been taken though there was ample time.
In Schonberger v. Com., 86 Va. 489, 10 S. E. Rep. 713, it was held no error to refuse another continuance after several had been granted to accused and that the court exercised only a sound discretion in denying the motion for a further continuance when the accused had not brought himself within the rule of due diligence.
H. A Motion for Continuance May Be Made before Arraignment. — Joyce v. Com., 78 Va. 287, decides it competent for the prisoner to move for a continuance before his formal arraignment. See Va. Code, § 4016.
On indictment for capital felony it was held error not to entertain a motion for continuance before arraignment. The court says, “As well might it be contended that a motion for a continuance cannot be made until after trial, as that it cannot be entertained before arraignment.” Such refusal in this case was held to deprive the prisoner of his statutory right to elect the forum in which he should be tried. Anderson v. Com., 84 Va. 77, 3 S. E. Rep. 803. See Va. Code, § 4016.
In Boswell v. Com., 20 Gratt. 860, the case was thrice continued before arraignment.
On indictment for a capital offence the prisoner in exercise of his statutory privileges, elected to be tried in the circuit court. Though it appeared by the certified record that the county court had erroneously refused to entertain a motion for continuance before arraignment yet it was held the circuit court had no power to correct this error. Howell v. Com., 86 Va. 817, 11 S. E. Rep. 238.
An amendment to Va. Code, § 4016 now provides that “a prisoner charged with a capital offence on trial in a county court shall make his election whether he will be tried in the said court or the circuit court before making a motion for a continuance.” See Pollard’s Supp. 1900, § 4016a.
I. notion after Trial Begun Usually Denied.- — In Gordon v. Harvey, 4 Call 450, it was said that the plaintiff should not have waited until verdict was rendered against him before making a motion for continuance.
In Thompson v. Com., 88 Va. 45-48, 13 S. E. Rep. 304, defendant made a motion to adjourn the court until the next day to secure the attendance of a material witness who was then ill. The motion was properly overruled partly because the trial had progressed so far.
In case of Barbour v. Melendy, 88 Va. 595, 14 S. E. Rep. 326, the motion for continuance was held properly overruled partly because the cause had been set for the argument by consent and also because the evidence was irrelevant. See also, Pollard’s Supp. 1900, § 4016a.
After a case is set for trial by consent of defendant, he is not entitled to a continuance on the ground that the sheriff’s return did not show, before amendment, a valid service of the writ. Atlantic & Danville R. R. Co. v. Peake, 87 Va. 130, 12 S. E. Rep. 348.
*668 II. CONTINUANCE AS MATTER OF RIGHT.
In Stearns’ Ex’or v. Richmond Paper Mfg. Co., 86 Va. 1034, 11 S. E. Rep. 1057, construing- Va. Code, §§ 3308, and 3300, it was held that on motion for continuance it should be allowed as a matter of right when an order was entered during term reviving a proceeding on scire facias against a new party provided the continuance was asked at the term at which the order was entered. But this right was not allowed when the proceeding was revived at rules.
In Southall’s Adm’r v. The Exchange Bank of Va., 12 Gratt. 312, it was held, that though the court had by statute the authority to correct errors at rules, the defendant in such case would have been entitled to a continuance as a matter of right provided he demanded it.
On an indictment, when accused asks a continuance on the ground that another case involving the same question is pending in the court of appeals on writ of error, it is error for the court to deny a continuance. White v. Com., 79 Va. 611.
When plaintiff, a nonresident, fails to give security for costs on suggestion by defendant, and as a consequence defendant does not prepare his case, it is error, costs being secured later, to rule defendant into trial without a continuance, if he demands it. Jacobs v. Sale, Gilmer 123. See Va. Code, 1887, § 3286, and 1 Bart. Law Pr. (2d Ed.) § 119.
In Mullinax v. Waybright, 33 W. Va. 84, 10 S. E. Rep. 25, construing W. Va. Code, ch. 50, § 58, it was held that defendant was entitled to a continuance as of right only when he makes oath that he has a just defense to the action.
In Chisholm v. Anthony, 1 H. & M. 27, it was held error for court to refuse to allow defendant to amend his plea of payment and put in plea of “fully administered.” There was also a motion for continuance.
In Clements v. Powell, 9 Leigh 1, it was held no error to refuse a continuance on the ground “that the administrators desired to defend themselves by shewing there were no assets in their hands to which plaintiff was entitled in due course of administration,” but the defendants tendered no such plea as was pleaded in Chisholm v. Anthony, 1 H. & M. 27, or any other defence; they did not file affidavit nor even suggest that there were no assets to satisfy the claim. There was, therefore, no good cause for continuance.
III. CONTINUANCE DISCRETIONARY.
A. Absent Witness.
1. Evidence Material. — On motion for continuance because of absence of a witness the affidavit should show that his evidence is material. Wilson v. Kochnlein, 1 W. Va. 145; Williams v. Freeland, 2 W. Va. 306; Tompkins v. Burgess, 2 W. Va. 187; McDonald v. Peacemaker, 5 W. Va. 439; Williams v. B. & O. R. R. Co., 9 W. Va. 33; Deford v. Hayes, 6 Munf. 390; Bledsoe v. Com., 6 Rand. 673; Harris v. Harris, 2 Leigh 584; Moore v. Com., 9 Leigh 639-45; Clements v. Powell, 9 Leigh 1; Nash v. Upper Appomattox Co., 5 Gratt. 332; Myers v. Com., 90 Va. 705, 19 S. E. Rep. 881; Logie v. Black, 24 W. Va. 1.
2. Evidence Immaterial. — When the question is one of interest to the whole community, such as the right to hold the office of judge, the question should be speedily and promptly adjudicated and itis proper to refuse a continuance when the sole ground is that counsel had not time to consult the authorities and prepare his defense, especially when the precise question raised by the pleadings had been recently adjudicated by the supreme court of the state. Bland & Giles Co. Judge Case, 33 Gratt. 443.
A continuance will not be granted to procure the evidence of an absent witness when the evidence to be shown by him is only cumulative, unless it be shown there will be a conflict of evidence. State v. Harrison, 36 W. Va. 729, 15 S. E. Rep. 982.
In the case of Mfg. & Farmers’ Bank v. Mathews, 3 W. Va. 26, defendant filed an affidavit denying partnership and plaintiff moved for continuance to get proof of it. Defendant than withdrew his affidavit and court refused a continuance. The judgment was overruled for refusal to continue. Quaere ?
A commissioner’s report usually lies over until the next term after that to which it is returned. But it was held there was no necessity for it to lie over when neither party intended to except to it. Chew v. Beverly et al., 4 H. & M. 409.
3. Witness Necessary. — Not only should the evidence be material but the affidavit should show that the party cannot safely go to trial in the absence of such witness, i. e., that he cannot prove the same facts by another witness. Wilson v. Kochnlein, 1 W. Va. 145; Tompkins v. Burgess, 2 W. Va. 187; Mull’s Case, 8 Gratt. 695; Gwatkin v. Com., 10 Leigh 690; Roussell v. Com., 28 Gratt. 930-937.
4. Due Diligence Exercised.
a. When Witness Is Resident of State. — As a general rule, where a witness for a party fails to appear at the time appointed for the trial, if such party show that a subpoena for the witness has been returned executed, or if not so returned, was delivered to the proper officer of the county or corporation in which the witness resides, a reasonable time before the trial, and shall swear that the witness is material, and that he cannot safely go to trial without his testimony, a continuance ought to be granted. The party thus shows, prima facie that he is not ready for trial though he used due diligence to be so; and in the absence of anything to the contrary the court should credit him with honesty of intention. Hewitt v. Com., 17 Gratt. 627; Carter v. Wharton, 82 Va. 267: Phillips v. Com., 90 Va. 401, 18 S. E. Rep. 841.
In Higginbotham v. Chamberlayne, 4 Munf. 547, it was held, that in absence of material witnesses for whom a summons had been delivered to sheriff in due time, a continuance should have been allowed though the cause had been continued before, and though an order for taking depositions de "bene esse had not been complied with by taking the deposition of said witness.
It was held due diligence that parties had summoned witness who was material and was thought to be in attendance. Held, error to refuse continuance on account of his absence. Anthony v. Lawhorne, 1 Leigh 1.
Though one continuance had been granted, yet since a material witness was absent who had been duly summoned, the summons being returned executed, the cause of the absence of the witness being shown to be that he was sick in bed, it was held error to refuse another continuance. Gwatkin v. Com., 10 Leigh 687.
The absence of a material witness duly summoned is good ground for continuance especially, as in this case there was an agreement to allow her to remain away only in case she allow an agreement to be produced in evidence, which she refused to do. Taylor v. Peck, 21 Gratt. 11.
In Roussell v. Com., 28 Gratt 937, it was held no error after two continuances to refuse another when the sole excuse for not properly summoning *669 the witness was that it was the hahit oí clerks of other courts, when a subpoena for a witness had "been ordered in a case, to continué to issue it after-wards from term to term until trial, without further directions. It appeared that summons had "been sent hut was twice returned with the endorsement, “not time to execute.”
In the case of Walton v. Com., 32 Gratt. 855, it was held error to refuse a continuance when the officer instead of duly executing the process, improperly returns it, “not executed forwantof fees,” when the witness was material and there is apparent no intention to delay or evade the trial.
A delivery of a memorandum to the clerk to issue a subpoena for a material witness was held due diligence though there was no proof of receipt of the summons by the sheriff The clerk deposed that he believed the summons was issued in the case according to the custom practised by him of leaving summons at a store for the sheriff as he had been requested to do. Deford v. Hayes, 6 Munf. 390.
In the absence of suspicion of a purpose to delay or evade the trial by any unfair play, a mistake in summoning a material witness is excusable and a continuance should be granted. Myers v. Trice, 86 Va. 840, 11 S. E. Rep. 428.
Where no lack of diligence is shown, a continuance should be granted to obtain the attendance of a material witness. Walker v. State, 4 W. Va. 749-52.
An honest mistake in summoning the wrong man, he being a brother of the witness wanted, does not show a want of due diligence, and in the absence of any suspicion of a purpose to delai' or evade trial the court should grant a continuance if the absent witness is material. Myers v. Trice, 86 Va. 835-840, 11 S. E. Rep. 428.
In Fiott v. Com., 12 Gratt. 564, it was held that though a mistake had been made in the taking of depositions, yet since it did not appear that the commonwealth could be subjected to any inconvenience by a delay of a term, a continuance should have been granted to obtain material evidence.
Sickness of Defendant — Due Diligence. — It was held error for the county court, at the term next after the cause had been transferred to that court, to rule the defendant into trial overruling his motion for continuance on the ground that he had been and was still too ill to prepare his case. M’Alexander v. Hairston’s Ex’or, 10 Leigh 486; Radford v. Fowlkes, 85 Va. 826, 8 S. E. Rep. 817.
The absence of leading counsel on account of sickness is a good cause for continuance. Myers v. Trice, 86 Va. 840, 11 S. E. Rep. 428.
Sickness of Witness. — The absence of a material witness on account of sickness when the accused makes affidavit that he believes said witness will be able to attend at the term to which he moved the case to be continued, is a ground for continuance in the absence of any intention to •delay or evade the trial. Phillips v. Com., 90 Va. 401, 18 S. E. Rep. 841; Gwatkin v. Com., 10 Leigh 687.
Absence of Counsel. — In Rossett v. Gardner, 3 W. Va. 531, it was held error to refuse a continuance since it appeared the defendant had used due diligence to prepare his case but one of his counsel was unavoidably absent and the other absent at the hearing though present on the preceding day of the term. Maxwell, J., dissented.
The absence of counsel beeause of quarantine regulations is a sufficient cause for continuance. Radford v. Fowlkes, 85 Va. 820, 8 S. E. Rep. 817.
In Hook v. Nanny, 4 H. & M. 157, one of the grounds for continuance was that defendant stated on oath that one of his counsel, in whose assistance he materially relied, was absent. He also stated as a ground for continnance absence of a material witness to whom summons was sent but clerk failed to deliver letter. Held, continuance should have been allowed.
b. When Witness a Nonresident. — To entitle a party to a continuance on the ground of the absence of a witness, it must be shown that the party has used due diligence to procure the attendance of the witness — that he is a material witness — that the same fact cannot be proved by any other witness in attendance — and that the party making the application cannot safely go to trial in the absence of such witness. Wilson v. City of Wheeling, 19 W. Va. 323; Dimmey v. R. Co., 27 W. Va. 32-48; Marmet Co. v. Archibald, 37 W. Va. 778, 17 S. E. Rep. 299.
Where an absent witness is a nonresident, the affidavit should state, not only the party’s belief that his attendance can be secured, but also the grounds of such belief. State v. Harrison, 36 W. Va. 729, 15 S. E. Rep. 982.
5. Due Diligence Not Exercised.
a. When Witness is Resident of State. — After several continuances it was held no error to refuse a continuance because of absence of an nnsummoned witness when accused did not swear to the materiality of the witness. Schonberger v. Com., 86 Va. 489.
It was held no error to refuse a continuance to get material evidence when the witness though summoned and in attendance had not been informed what he was expected to prove and had not been instructed to bring the books without which he could not show the dates desired especially since two continuances had already been granted him. Spengler v. Davy, 15 Gratt 381.
Mere failure to examine the papers in the cause when counsel, called in, had erroneously supposed the cause was removed from county to circuit court, is no cause for a continuance especially when the original counsel was in court and alleged no want of preparation. Hogshead et als. v. Baylor, 16 Gratt. 99.
In Trevelyan’s Adm’r v. Lofft, 83 Va. 141, 1 S. E. Rep. 901, a motion for a continuance was held properly overruled, because ample time and opportunity had been given for a settlement of the accounts, and because to grant the motion would be to reward negligence, and to unreasonably delay the cause which was then ready for hearing.
In Mullinax v. Waybright, 33 W. Va. 84, 10 S. E. Rep. 25, a motion was made for a continuance on the grounds of being without counsel and the absence of a witness. It was held no error to refuse continuance since it appeared that no effort had been made to obtain counsel and no summons had been issued for the witness.
After two continuances had been granted to defendant on account of the absence of a witness, it was held no error to refuse further continuance when it appeared that the summons had been sent to the witness and not to an officer for service on him and when no deposition had been taken though the witness was more than one hundred miles distant and there had been ample time to take such deposition. The court says, “He must, generally, have exercised such diligence in the use of the process of the court, as will authorize the court, if the witness is not in attendance when the cause is called for trial, to take the legal course to compel *670 the attendance of the witness. * * * He must not simply rely upon the witness as to his attendance, * * * hut he can only safely rely upon the diligent and proper use of the process of the court in proper time.” Davis v. Walter, 7 W. Va. 447, 451; Dimmey v. R. Co., 27 W. Va. 32-48. See Va. Code 1887, § 3365; R. & M. R. Co. v. Humphreys, 90 Va. 425-433, 18 S. E. Rep. 901.
In Norfolk, etc., R. Co. v. Shott, 92 Va. 34-45, 22 S. E. Rep. 811, though the absent witness was in the employ of the company and only lived eight or ten miles from the courthouse where the trial took place, yet no subpoena was put in the hands of an officer for him but the plaintiff in error undertook to have him present at the trial. geld, -this was not due diligence, a continuance was properly refused.
In Mull’s case, 8 Gratt. 695, it was held no error to refuse a continuance when the ground of motion was absence of a brother of the prisoner, alleged to be a material witness. No summons had been served though he had ample time and some delay had already been made to await the return of the witness.
In Moore v. Com., 9 Leigh 639, the motion for continuance was held to have been properly overruled because the evidence to be proved by the witness was immaterial and also because though summons had issued it did not appear what had become of it. See also, Wilson v. Kochnlein, 1 W. Va. 145.
In Holt v. Com., 2 Va. Cas. 156, the court was held to have properly overruled a motion for a continuance principally because due diligence had not been used in summoning the witness.
In Ross v. Norvell, 3 Munf. 182, there was newly discovered evidence a few days before trial and a motion was made for a continuance. It was held that since the bill of exceptions did not show that this evidence was recently discovered, it would be presumed that appellant knew of it when the trial began, and knowing of it, he was negligent in not bringing it forward sooner.
In Mendum v. Com., 6 Rand. 704, the motion for a continuance was overruled because there had been several continuances and though prisoner had had ample time to do so, he had not taken the depositions of the absent witness.
b. When Witness Is a Nonresident. — An affidavit by accused that he 'has four material witnesses whose testimony is necessary in order to his having a fair trial, is not sufficient to support a continuance. Where he also shows they are nonresidents and does not name them nor show that he has made any effort to procure their attendance or that he expected to be able to procure their attendance if a continuance should be granted him. Hurd v. Com., 5 Leigh 715.
In Deanes v. Scriba et als., 2 Call 415, it was held that since the commissioner had indulged the appellants from 1792 to 1797, and during that time they had taken no steps to secure the depositions of the absent witness who was a seafaring man, though they had ample opportunity by his return from time to time, the continuance was properly denied.
In Fire Association v. Hogwood, 82 Va. 342, the absence of a material witness who was in the employ of the company and was a nonresident of the state and therefore not sub: ect to the process of the state court, was held tobe no ground for continuances; especially as the court had continued the case a sufficient time to. allow the plaintiff in error to procure his attendance.
The absence of a material nonresident witness who is in the service of defendant, is no ground for a continuance when the suit has been pending for a considerable time and no effort has been made to obtain his deposition, defendant relying merely on the promise of the wi tness to attend. B. & O. R. Co. v. Wightman’s Adm’r, 29 Gratt. 431-47.
6. Motion Should State Name of Witness, — In Hurd, v. Com., 5 Leigh 715, it was held that, though the affidavit stated the witnesses were material yet since it did not state their names or show any effort to-procure attendance or that he would be able to procure their attendance, they being nonresidents, it was no error to refuse a continuance.
In Buster v. Holland, 27 W. Va. 510, 535, it was held proper to refuse a continuance since no due diligence had been shown and the names of the absent witnesses were not stated.
B.Amendments. — In Anderson v. Kanawha Coal Co., 12 W. Va. 526, in construing Code W. Va., ch. 125, § 12, p. 601, it was held the provision that, “if such amendment be made after appearance of the defendant, the court may impose such terms upon the plaintiff as to a continuance of the cause as it may deem just,” did not give the defendant a continuance as a matter of right, but still left it to the discretion of the court, and since in this case it w,as obvious that the amendment operated no surprise to the defendant, a continuance was properly denied.
In Harvey v. Parkersburg Ins. Co., 37 W. Va. 272, 16 S. E. Rep. 580, it was held since the amendment allowed in that case operated as no surprise, the defendant was not injured by a refusal to continue the cause, and a continuance was properly refused.
In Atlantic & Danville R. Co. v. Peake, 87 Va. 130, 12 S. E. Rep. 348, it was held that the amendment of return on summons, though before such amendment there was nothing to show a valid service of the writ, was -no ground for a continuance, especially in view of the fact that the case, by consent, had been previously set for trial on the same day on which the order permitting the amendment was made.
In Danville & Western R. Co. v. Brown, 90 Va. 340, 18 S. E. Rep. 278, it was held no error to refuse a continuance when the sole ground that the court had allowed defendant to make an amendment whiih was wholly immaterial and unnecessary.
C. Prejudice Not a Ground for Continuance.— In Smith v. Com., 2 Va. Cas. 6, it was decided that a motion for continuance on the sole ground of prejudice against the prisoner, was properly refused. There did not appear any proof of undue means used to prejudice the public mind.
In Joyce v. Com., 78 Va. 287, itwas held that though a motion for continuance could be made before arraignment, yet affidavit of general prejudice is not sufficient ground to sustain such motion.
D. When the Object of the notion Is Delay, a Continuance Is Refused. — Though the affidavit state that the witness is material and that due diligence has been used to obtain his continuance, yet if it appear on examination that the continuance was moved for, not that he might have the benefit of the evidence of an absent witness, but merely to delay the trial, the motion should be denied. Mendum v. Com., 6 Rand. 704-716.
In Wormeley v. Com., 10 Gratt. 658, it appeared that the absent witness alleged to be material was the plaintiff’s daughter and absent with his connivance. and the motion for a continuance was accordingly held to have been properly refused. Wormeley v. Com., 10 Gratt. 658-682; Com. v. Wormley, 8 Gratt. 712.
*671 In Harman v. Howe, 27 Gratt. 676-686, citing Hewitt v. Com., 17 Gratt. 627, it was said: “Where the circumstances satisfy the court that the real purpose in moving for a continuance is to delay or evade a trial, and not to prepare for it, then though the witnesses have heen summoned, and the party has sworn to their materiality, and that he cannot safely go to trial withoat them, the continuance should "be refused.” Marmet Co. v. Archibald, 37 W. Va. 778, 17 S. E. Rep. 301; Riddle v. McGinnis, 22 W. Va. 269; Buster v. Holland, 27 W. Va. 510-535. See Earley v. Com., 86 Va. 921-5, 11 S. E. Rep. 795.
In Dillard’s Adm’r v. Dillard et als.. 77 Va. 820-25, 21 S. E. Rep. 669, it was said: “At that time he, the appellant, was represented by counsel, and it does not appear that his rights were prej udiced on account of his absence, or, that if a continuance had been granted, he would have been able to attend before the commissioner within a reasonable time thereafter. The motion appears to "have been prompted rather by a desire for unreasonable delay than for any other purpose, and was rightly overruled.”
1. No Presumption That Delay Is the Object. — When there is no lack of diligence on the part of accused and the motion does not appear to be for the purpose of evading or unnecessarily delaying the trial, the court should give the prisoner credit for honesty of intention and continue the case in his motion because of the absence of a material witness. Welsh v. Com., 90 Va. 318, 18 S. E. Rep. 273; Phillips v. Com., 90 Va. 403, 18 S. E. Rep. 841.
2. If Delay is the Object Court May Require Evidence to Be Stated. — After one continuance has been granted, and when there are many witnesses so that every probability is against a future attendance of many of said witnesses, the court may require the affidavit of the witness, on account of whose absence the motion was made, to he produced, that the court might judge of the materiality of the witness. Mendum v. Com., 6 Rand. 704.
In Rosset v. Greer et al., 3 W. Va. 1, it was held no error, in a chancery case, to refuse a continuance when the affidavit did not show that the newly discovered evidence which furnished the ground of the motion could not have been discovered before by due diligence and also because it did not disclose the nature of the evidence so that it might be seen whether it was material or not
In Harris v. Harris, 2 Leigh 584, it’was held that if the judge believes the party moving for a continuance on the ground of absence of a material witness is mistaken as to the materiality of the evidence he expects to prove by such witness, or that the motion was made to delay the trial, he may require the party making the motion to state what he expects to prove by such witness.
The fact that the absent witness, if material, who has been duly summoned to appear at the trial, is a party plaintiff or defendant in the suit, cannot prej-udicially affect the motion for continuance, unless the court has good grounds to doubt the fairness of the motives of the party moving for the continuance, and to suspect that the object of the motion is mere delay. And in such event, the court may enquire further into the materiality of the witness, require the party to state what he expects to prove by the absent witness, and even send an officer with a rule, or an attachment, if a rule has been previously served, for the absent witness, whether he be a party, who has been summoned as a witness, or any other witness Carter v. Wharton, 82 Va. 267.
E. Continuance of notion to Dissolve an Injunction.
a. When Continuance Denied. — In Radford’s Ex’ors v. Innes’s Ex’x, 1 H. & M. 8, it is said: “The reasons assigned for a continuance are not sufficient to induce the court to depart from the general rule; and that is, never to continue a motion for the dissolution of an injunction, unless from some very great necessity, because the court is always open to grant, and, of course, to reinstate an injunction, whenever it shall appear proper to do so, and because too the plaintiff should always be ready to prove his bill.”
In Johnson v. White’s Ex’ors, 1 H. & M. 201, it was held that no continuance will be granted because of exceptions to a commissioner’s report unless they be filed as required by a rule of court and good cause shown; but they will be received at any time provided they do not delay the hearing of the cause.
In Tiffany v. Kent et als., 2 Gratt. 231-36, on a motion to dissolve an injunction against a sale of real estate, it appearing that the bill without amendment did not disclose a ground for injunction, amotion for continuance was held properly refused.
In B. & O. R. R. Co. v. City of Wheeling, 13 Gratt. 40, 59, 77, a motion to dissolve an injunction was continued because a foreign corporation had not filed an answer, because the exceptions taken to appellant’s answer were still pending, and because the appellant’s answer was not verified by affidavit. It was held error to continue the motion because sufficient grounds had not be stated and because the bill of injunction had been improvidently granted.
In Ingles v. Straus, 91 Va. 209-224, 21 S. E. Rep. 490, it was said: “When a motion is made to dissolve an injunction, the court of chancery never continues it unless from some great necessity, because the court is always open to grant, and of course to reinstate an injunction wherever it shall appear proper to do so.” And “where a motion to dissolve is heard upon the bill, answer, and depositions used as affidavits, and the evidence does not show probable cause from which it may reasonably be inferred that plaintiff will be able to make out his case upon final hearing, the injunction will be dissolved.” No such probable cause was shown in this case and the motion for continuance was held properly refused.
In Taylor v. Com., 29 Gratt. 780, on an indictment for obstructing the street it was held, the fact that an injunction suit was pending in the same court was no ground for continuing the prosecution under the indictment, especially as the questions to be decided in the injunction suit must be decided in the trial under the indictment.
b. When Continuance Allowed. — In Nelson’s Adm’r v. Armstrong, 5 Gratt. 354, on a motion to dissolve an injunction which had been granted against a judgment on drafts alleged to be for a gaming consideration, since the evidence did not disclose what the consideration of the debt was, and whether the debtor had not fraudulently induced the creditor to purchase, the injunction should have been continued until these questions were tried by a jury. See also, Beale v. Digges et als., 6 Gratt. 582-591.
In Jenkins & Cutchin v. Waller & Jordan, 80 Va. 668, it is held that, it rests in the sound discretion of the court to dissolve an interlocutory injunction upon the coming in of the answer denying the equities of the bill, or to continue it to a final hearing on the merits: especially is this true were fiaud is the gravamen of the bill, or where it is apparent to the court that a dissolution of the injunction would result in greater injury and hardship than *672 its continuance to the hearing'. The continuance ■was helfl properly granted.
As a general rule when a motion to dissolve an injunction comes on to he heard upon the bill and answer and the answer denies all the equity of the bill, the injunction is dissolved: but when the injunction is against the sale, of personal property alleged to be fraudulent, since the retention of the property by the vendor after an absolute sale is prima facie fraudulent and the burden of proof is on the vendee to show the sale fair and bona fide it is proper to continue the motion and to refuse to dissolve the injunction where only one of the several vendees answers the bill. Richardson, J., dissenting. Kahn v. Kerngood, 80 Va. 842-346.
On motion to dissolve an injunction granted against the sale of land because of defective notice of sale and because the deed of trust was alleged to be tainted with usury, it appeared that there was no usury in the transaction. It was held error to refuse a continuance to allow complainant to obtain evidence of the defective sale, which evidence he could not have obtained before by use of due diligence. Vaught v. Rider, Trustee, 83 Va. 659, 3 S. E. Rep. 293.
Refusal to continue in the examining court is no ground for motion in arrest of judgment in the circuit court, for it suggests matter making no part of the record. If such error can be taken advantage of in the circuit court it is only by a motion to quash or a plea in abatement. Morris v. Com., 9 Leigh 636.
See, as to Continuances, Va. Code 1887, §§ 3124, 3384, 3308, 3312, 4013, and 4047.